Mary H. ROBINSON, Plaintiff-Appellant,

v.

Thomas C. REED, Secretary of the Air Force, et al., Defendants-Appellees.

No. 76–2200.

United States Court of Appeals,
Fifth Circuit.

Jan. 26, 1978.

Allen W. Howell, Montgomery, Ala., for plaintiff-appellant.

D. Broward Segrest, First Asst. U. S. Atty., Kenneth E. Vines, Asst. U. S. Atty., Montgomery, Ala., for defendants-appellees.

Before WISDOM, GODBOLD, and CLARK, Circuit Judges.

PER CURIAM:

In her complaint against the Secretary of the Air Force, Mary H. Robinson, a civilian employee of the Department of the Air Force, alleged that as a condition of continued employment she was required to attend race relations seminars in April and in July 1975 which were both in excess of delegated authority and an invasion of plaintiff's constitutional right of privacy. She sought mandamus relief and damages.

The courses were described in the pleadings in the following language:

The said Race Relations Education seminars are structured in such a manner and the course content is such that they do not directly relate to the Plaintiff's official duties as an employee of the D.A.F. [Department of the Air Force] and of the United States. Instead, said seminars are structured in a manner and the course content is such that the seminars constitute an attempt to alter the off-duty conduct of Plaintiff and other D.A.F. General Schedule civilian employees. Said off-duty conduct which the seminar programs seeks to alter has no direct effect on and is unrelated to the Plaintiff or any other D.A.F. General Schedule civilian employee's ability to perform official duties.

The structure and course content of said seminar was such as to constitute an invasion of plaintiff's legally recognized right of privacy in that seminar materials used in the program delved or attempted to delve into the Plaintiff's and other attendees' personal, private, and off-duty

lives. Also, said seminar program and materials sought to alter behavior and thought patterns of Plaintiff in her private home and community life, which have no direct or discernable indirect effect on Plaintiff's ability to perform her official duties as a General Schedule D.A.F. civilian employee. . . .

The district court dismissed this complaint,[1] stating these grounds: (1) The claim is not appropriate for mandamus relief because no injury was alleged; (2) no requirement for attendance at future courses was alleged; (3) conclusory allegations of an effect on "private home and community life" were insufficient and failed to allege infringement of personal intimacies of home, family, marriage, motherhood, procreation and child-rearing, which are covered by a constitutionally protected right to privacy.

Under the classic standard set in *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957), "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief," and this circuit's added caveat that "[i]t is the well established policy of the federal rules that the plaintiff is to be given every opportunity to state a claim," *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977), we conclude that the district court set the barrier to this plaintiff too high.

■ On the present record it is both unnecessary and inappropriate to survey the present location of the increscent perimeter of right to privacy protection which the Constitution accords to citizens of the United States. The district court relied upon the recapitulation of privacy rights in *Paris Adult Theater I v. Slaton*, 413 U.S. 49, 65, 93 S.Ct. 2628, 2639, 37 L.Ed.2d 446 (1973).

Even under that abbreviated dicta, the complaint stated a sufficient constitutional injury to survive dismissal at the pleadings stage. The government may not require an individual to relinquish rights guaranteed by the First Amendment as a condition of public employment. *Abood v. Detroit Bd. of Education*, 431 U.S. 209, 97 S.Ct. 1782, 1799, 52 L.Ed.2d 261 (1977). Inquiries into personal beliefs and associational choices come within this protection. *Baird v. State Bar of Arizona*, 401 U.S. 1, 91 S.Ct. 702, 27 L.Ed.2d 639 (1971). A properly charitable construction of plaintiff's complaint discloses that she made such claims. She *might* be able to establish, for example, that the seminars compelled her to disclose facts about her home life, her beliefs, and her associations which had nothing to do with the performance of her Air Force duties. Such an overbroad program clearly could not withstand application of the exacting scrutiny test applied to violations of this type. *Buckley v. Valeo*, 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976).

■ The allegation of a constitutional wrong is the key. If plaintiff can establish that her privacy rights have been breached, then clearly she has sustained the type of an injury which would support the claims asserted. However, this may not be a complete answer to the prayer for mandamus. It is a type of remedy which looks to the future. If the proof made does not establish that future courses are planned under similar conditions, such relief would not be available. All we say for now is that the pleadings were adequate. The complaint asserts that the seminars were being conducted pursuant to an established policy that employees "would be required to attend." Grammatically, this assertion would permit proof that future courses would be given similar to those previously attended,

---

1. An early order indicated that the court intended to consider matters outside the pleadings and treat the matter as one involving summary judgment. The only outside matters on file at the time of judgment were affidavits by plaintiff. All subsequent orders speak solely in terms of pleadings deficits. The parties treat the matter as dismissed on the pleadings under Rule 12. We consider the appeal on this basis alone.

An amended complaint asserted another cause of action for discriminatory nonpromotion in retaliation for filing the initial action. This claim was severed. The dismissal order here on appeal has been made final pursuant to Fed.R.Civ.P. 54(b).

and that plaintiff would be required to attend.

We vacate the judgment appealed from which dismissed the complaint and remand for further proceedings.

VACATED AND REMANDED.