Nancy A. CARMICHAEL,
Plaintiff-Appellant,

v.

CHAMBERS COUNTY BOARD OF
EDUCATION et al.,
Defendants-Appellees.

No. 78–1313
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 27, 1978.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Joseph E. Carr, IV, Alabama Ed. Assoc., Montgomery, Ala., for plaintiff-appellant.

William O. Walton, Jr., Lafayette, Ala., Robison, Belser, Brewer & Mancuso, Vaughan H. Robison, Robert T. Meadows, III, Montgomery, Ala., for defendants-appellees.

Before BROWN, Chief Judge, COLEMAN and VANCE, Circuit Judges.

PER CURIAM:

Nancy Carmichael filed suit under 28 U.S.C.A. §§ 1331 and 1332 and 42 U.S.C.A. § 1983, alleging that she was denied re-employment as a school teacher in violation of her First and Fourteenth Amendment rights. The District Court granted summary judgment for the defendants. We affirm.

In August of 1974, appellant was employed as a physical education teacher by the Chambers County, Alabama, Board of Education. She taught at Shawmut Elementary for the 1974–75 and 1975–76 school years. At the close of the second year, she received notice that her teaching contract would not be renewed. Because that notice did not reach her within the period of time required by Alabama law, Ms. Carmichael filed suit against the School Board for her allegedly wrongful dismissal.

Before the case went to trial, defendant Board offered to renew appellant's contract for one year under the conditions that she would dismiss the law suit and would accept a transfer to Valley Junior High School. The Board also indicated that it would fairly and impartially evaluate Ms. Carmichael's performance during the next year, that her having filed a claim would not prejudice her chance for re-employment. She accepted the offer and fulfilled its terms.

When the Board did not offer her a contract for the 1977–78 school year, appellant filed this suit, making two claims. First she alleged that the School Board had denied her re-employment in retaliation for her having instituted her earlier suit. Such action, she claimed, violated her right under the First and Fourteenth Amendments to petition her government for redress of grievances. She also asserted that the promise to evaluate her fairly and impartially at the end of the school year had created a legitimate bilateral agreement that her employment contract would not be terminated except for good cause shown. Since, appellant argued, she was thus entitled to due process in conjunction with her termination, the Board, by denying her a hearing, had violated her Fourteenth Amendment rights.

During the course of the proceedings, defendants filed a motion for summary judgment and to support it, submitted the deposition of the principal of Valley Junior High and the signed affidavits of the Superintendent and President of the Chambers County School Board. In his deposition the principal stated that Ms. Carmichael had done good work, but that he had not recommended her for re-employment because she had been absent 21 times during the year. Both of the School Board officials swore in their affidavits that their failure to re-employ appellant had not been "based in any way on the fact that [she] had filed a law suit * * * for her re-employment nor * * * on any other constitutionally impermissible reason."

Ms. Carmichael submitted only her own deposition, in which she stated that her principal had told her "unofficially" that school board officials had threatened him with loss of his job if he recommended rehiring her. On the basis of these submissions the District Judge found that appellant had presented no competent evidence of any reason besides "excessive absentee-

ism" for the nonrenewal of her contract. He thus concluded that there was no genuine issue of any material fact and granted summary judgment for defendants as a matter of law.

■ We think that the District Court correctly granted summary judgment for defendants. Considering first appellant's due process claim, we find that since she was not tenured, she clearly had no constitutionally protected property interest in her job. *See, Foster v. Blount County Board of Education,* 340 So.2d 751 (S.Ct. Ala.1976). She therefore is not necessarily entitled to procedural due process regarding her termination. *Board of Regents v. Roth,* 1972, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548. We find no merit in her claim that the Board's promises created an "expectation of reemployment" that entitled her to due process. The complaint and affidavits show that appellant received what she was promised—a full year of employment followed by a re-evaluation.

■ Our inquiry does not end there, though. As this Court emphasized in *Hastings v. Bonner,* 5 Cir., 1978, 578 F.2d 136 at 141:

[i]t is now well established that even if a teacher or other public employee does not have a contractual right to continued employment, he may not be dismissed nor denied renewal of his contract * * * on a basis that infringes his constitutionally protected interests * * *. For if the government could deny a benefit to a person because of his constitutionally protected speech *or associations,* his exercise of those freedoms would in effect be penalized and inhibited.

This Court has also held that a decision not to renew a teacher's contract violates constitutional rights even if it is only "partially in retaliation" for exercise of those rights. *Fluker v. Alabama State Board of Education,* 5 Cir., 1971, 441 F.2d 201, 210. The Supreme Court approved that holding in *Mount Healthy City Board of Education v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471, 484, in which it looked to whether retaliation was a "motivating" factor in terminating a teacher's employment.

■ We must, therefore, closely examine the evidence before the District Court regarding the reasons for Ms. Carmichael's nonrenewal. In doing so, we find the affidavits of the Superintendent and the President of the School Board to be uncontradicted. Ms. Carmichael's deposition testimony regarding her principal's "unofficial" explanation for her non-renewal may raise an inference that she was terminated without sufficient cause. That testimony alone, however, does not raise the inference that the insufficient cause was also unconstitutional.

■ Finally, we meet appellant's contention, raised for the first time on appeal, that the School Board improperly abdicated its responsibility to review her record. She cites Code of Alabama § 16–24–12,[1] which provides that a Board of Education shall dismiss a teacher only upon a vote of a majority of its members, and contends that there is no evidence that this sort of formal decision was reached in her case.[2] Since she made no effort to support this claim, we must assume that the letter notifying her of her termination indicates that the Board reached the statutorily required decision.

AFFIRMED.

1. Appellant cites this "pertinent part" of Code of Alabama § 16–24–12:

"Any teacher in the public schools, whether in continuing service status or not, shall be deemed offered re-employment for the succeeding school year at the same salary *unless the employing board of education shall cause* notice in writing to be given said teacher on or before the last day of the school term in which the teacher is employed; . . . . *The employing board* of education *shall not* cancel the contract of any teacher in continuing service status, nor *cause notice of nonemployment to be given to any teacher whether in continuing service status or not except by a vote of a majority of its members evidenced by the minute entries of said board made prior to or at the time of any such action.* (Emphasis supplied).

2. Ms. Carmichael claims that this failure to reach a formal decision constitutes arbitrary and capricious action in violation of § 13 of the *Alabama Constitution of 1901.*