**Percy ROBINSON, Plaintiff-Appellant,**

v.

**Samuel PRICE, etc., et al.,**
**Defendants-Appellees.**

**No. 78–1847.**

United States Court of Appeals,
Fifth Circuit.

April 24, 1980.

---

Percy Robinson, pro se.

Cooper & George, Gordon R. Cooper, II, James C. Plummer, Houston, Tex., for defendants-appellees.

Before GODBOLD, GARZA and RANDALL, Circuit Judges.

GODBOLD, Circuit Judge:

From 1967 until 1973 appellant was employed as an administrator by the Harris County Community Action Association, d/b/a Gulf Coast Services Administration. The Association's objective is to eliminate poverty in the community. It is funded by the federal, county and city governments, with some of its federal funding reviewed by the state. In order to eliminate any conflicts of interests the Association's Personnel Practices Manual prohibits Association employees from belonging to any organization that holds a seat on the Association's board of directors.

Appellant is a member of the Race Relations Committee of St. James Presbyterian Church. Because the minister of that church is on the Association's board of directors, appellant was suspended from his job. He continued to participate in the Race Relations Committee and was then terminated from his position. Appellant brought this pro se 42 U.S.C. § 1983 action against the Association and its executive director, alleging that the suspension and termination infringed his constitutional rights under the Free Exercise Clause of the First Amendment.[1] After an initial dismissal by the district court this court reversed and remanded for a finding of whether the Association's conduct might be treated as state action. On remand the district court found a sufficient nexus between the Association and the state to consider the former's conduct state action. However, the district court granted a directed verdict for defendants on the ground that plaintiff had not shown that he had

---

1. We glean the gist of appellant's argument from a liberal reading of his pro se complaint and briefs. See *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

been terminated for constitutionally impermissible reasons. Since the district court found that plaintiff's suspension and termination stemmed directly from his membership on the Race Relations Committee, we must construe the court's order as holding that this did not constitute an impermissible reason. We reverse and remand.

■ Public employees may not be dismissed or denied rehiring for exercising their constitutional rights. *Pickering v. Board of Education*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968); *Torcaso v. Watkins*, 367 U.S. 488, 81 S.Ct. 1680, 6 L.Ed.2d 982 (1961); *Wieman v. Updegraff*, 344 U.S. 183, 73 S.Ct. 215, 97 L.Ed. 216 (1952); *Kingsville Independent School District v. Cooper*, 611 F.2d 1109 (5th Cir. 1980); *Carmichael v. Chambers County Board of Education*, 581 F.2d 95 (5th Cir. 1978); *Hastings v. Bonner*, 578 F.2d 136 (5th Cir. 1978); *Megill v. Board of Regents*, 541 F.2d 1073 (5th Cir. 1976); *Ferguson v. Thomas*, 430 F.2d 852 (5th Cir. 1970). Nor may the government "require an individual to relinquish rights guaranteed by the First Amendment as a condition of public employment." *Robinson v. Reed*, 566 F.2d 911, 913 (5th Cir. 1978); *see also Abood v. Detroit Board of Education*, 431 U.S. 209, 233–34, 235, 97 S.Ct. 1782, 1798–99, 52 L.Ed.2d 261, 283, 284 (1977); *National Education Association v. Lee County Board of Public Instruction*, 467 F.2d 447, 450 (5th Cir. 1972).

■ None of "the great liberties insured by the First [Amendment] can be given higher place than the others." *Prince v. Massachusetts*, 321 U.S. 158, 164, 64 S.Ct. 438, 441, 88 L.Ed. 645, 651 (1944). Thus the prohibition against discharge for constitutionally impermissible reasons embraces a public employee's exercise of his right of free speech, *Pickering v. Board of Education, supra; Kingsville Independent School District v. Cooper, supra,* of association,

*Shelton v. Tucker*, 364 U.S. 479, 81 S.Ct. 247, 5 L.Ed.2d 231 (1960); *Robinson v. Reed, supra,* and of religious belief or worship, *Abood v. Detroit Board of Education, supra; Torcaso v. Watkins, supra; see also Abington School District v. Schempp*, 374 U.S. 203, 217–18, 83 S.Ct. 1560, 1569, 10 L.Ed.2d 844, 855 (1963) ("Freedom of conscience and freedom to adhere to such religious organization or form of worship as the individual may choose cannot be restricted by law"). The government is thus precluded from achieving by indirection what it may not do directly. *National Education Association v. Lee County Board of Public Instruction, supra,* 467 F.2d at 450.

■ The fact that the conflict of interest provision is neutral on its face does not serve to validate appellant's dismissal. Even a facially neutral regulation may "offend the constitutional requirement for governmental neutrality if it unduly burdens the free exercise of religion." *Wisconsin v. Yoder*, 406 U.S. 205, 220, 92 S.Ct. 1526, 1536, 32 L.Ed.2d 15, 28 (1972); *see also Sherbert v. Verner*, 374 U.S. 398, 83 S.Ct. 1790, 10 L.Ed.2d 965 (1963). Appellant need only show that the regulation has a "coercive effect" on the practice of his religion.[2] *Abington School District v. Schempp, supra,* 374 U.S. at 223, 83 S.Ct. at 1572, 10 L.Ed.2d at 858. Once he has done so, the Association must prove both that a compelling state interest justifies the regulation and that there exist no less restrictive alternative means. *Wisconsin v. Yoder, supra,* 406 U.S. at 215, 92 S.Ct. at 1533, 32 L.Ed.2d at 25; *Sherbert v. Verner, supra,* 374 U.S. at 406–07, 83 S.Ct. at 1795, 10 L.Ed.2d at 972; *Neal v. Georgia*, 469 F.2d 446, 450 (5th Cir. 1972). The Association's dual burden is but a reflection of the general doctrine that even a legitimate governmental purpose "cannot be pursued by means that broadly stifle fundamental personal liberties when the end can be more narrowly achieved." *Shelton v. Tucker, su-*

---

**2.** We read appellant's complaint to allege that participation on the church's Race Relations Committee is an integral part of his religion. The district court did not rule on this contention. Moreover, the application to appellant of

the regulation at issue may infringe his right of association, which is also constitutionally impermissible. Again, this is a question of fact for the district court to determine on remand.

*pra,* 364 U.S. at 488, 81 S.Ct. at 252, 5 L.Ed.2d at 237. Finally, the Association must be given the opportunity to demonstrate that it would have discharged appellant even absent his exercise of his constitutional rights. *Mt. Healthy School District v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). The judgment of the district court is reversed and the case is remanded for further proceedings consistent with this opinion.

REVERSED and REMANDED.