Jack HOWELL, Dianna Ruth Sustaire Womack Howell, Appellants,

v.

The STATE of Texas, Appellant.

No. 6-86-038-CR.

Court of Appeals of Texas, Texarkana.

Dec. 9, 1986.

Jack Howell, Word of Faith Ministry, Gilmer, for appellants.

Lowell C. Holt, Crim. Dist. Atty., Gilmer, for appellee.

BLEIL, Justice.

Jack Howell and his wife, Dianna Howell, appeal from their conviction for violating the compulsory school attendance law.

The Howells represent themselves in this appeal, as they did at trial. Although the points of error raised by the Howells are inartfully expressed, their principal argument appears to be that they are exempted from compliance with the compulsory school attendance law under the United States and Texas Constitutions. We conclude otherwise and affirm.

Dianna Howell has two children by a previous marriage, Tony Sustaire and Farrah Sustaire. The children are between the ages of seven and sixteen. Although they were enrolled in schools in the Gilmer Independent School District in the 1984–1985 school year, they did not enter school the following fall. Jack and Dianna Howell were charged with and convicted of the offense of thwarting the compulsory attendance law, under Tex.Educ.Code Ann. § 4.25 (Vernon 1972 & Supp.1986).

The compulsory attendance law provides:

Unless specifically exempted by Section 21.033 of this code *or under other laws*, every child in the state who is as much as seven years of age, or who is less than seven years of age and has previously been enrolled in first grade, and who has not completed the academic year in which his 16th birthday occurred shall be required to attend the public schools in the district of his residence or in some other district to which he may be transferred as provided or authorized by law a minimum of 170 days of the regular school term of the district in which the child resides or to which he has been transferred.

Tex.Educ.Code Ann. § 21.032(a) (Vernon Supp.1986) (emphasis added).

The Howells admit in their brief that the two children are not enrolled in Texas public schools and that the children do not qualify for exemption under Tex.Educ.Code Ann. § 21.033 (Vernon Supp.1986). However, the Howells argue that they are exempt from compliance with the compulsory school attendance law under other laws than Section 21.033, as provided in Section 21.032(a). The laws that the Howells claim exemption under are the First and Four-

teenth Amendments of the United States Constitution, Article I, §§ 6 and 29 of the Texas Constitution, and the word of God.

■ The First Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment, provides that Congress shall make no law "prohibiting the free exercise" of religion.[1] The Howells appear to assert that requiring that the children be sent to school in spite of their religious conviction that the children be educated at home violates the Free Exercise Clause of the First Amendment, and that therefore, the First Amendment operates as an exemption from the compulsory school attendance law. The United States Supreme Court has developed a balancing test to determine when government may regulate conduct prompted by religious beliefs. *Wisconsin v. Yoder*, 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972); *Sherbert v. Verner*, 374 U.S. 398, 83 S.Ct. 1790, 10 L.Ed.2d 965 (1963); *State v. Corpus Christi People's Baptist Church, Inc.*, 683 S.W.2d 692 (Tex.1984). First, the person who is complaining of a violation of his rights under the Free Exercise Clause must show that the offending regulation imposes a substantial burden on the exercise of his religious beliefs. Then, only after the burden on the complaining party's exercise of his religious beliefs has been shown, the State must show that it has a compelling State interest that is promoted by the regulation and that there is not a less restrictive alternative to the regulation in question. *Yoder v. Wisconsin*, supra; *Sherbert v. Verner*, supra; *Robinson v. Price*, 615 F.2d 1097, 1099 (5th Cir. 1980).

Determining what religious beliefs or practices are entitled to constitutional protection is a delicate question. However, ordered liberty does not allow every person to make his own standards on matters of conduct in which society as a whole has an important interest. *Wisconsin v. Yoder*, supra. The Howells failed to show that the violation of the compulsory school attendance law was based on anything except their subjective views. Little of the Howells' religious beliefs or practices was shown at the trial, making it impossible to tell if the exercise of their religious beliefs is substantially burdened by the compulsory education law.

■ As a general rule, sincerely held religious convictions have not succeeded as a First Amendment free-exercise defense to noncompliance with compulsory school attendance laws. *See, e.g., Jernigan v. State*, 412 So.2d 1242 (Ala.Crim.App.1982); *Burrow v. State*, 282 Ark. 479, 669 S.W.2d 441 (1984); *State of Nebraska ex. rel. Douglas v. Faith Baptist Church of Louisville*, 207 Neb. 802, 301 N.W.2d 571 (1981); *State v. Rivinius*, 328 N.W.2d 220 (N.D.1982); *State v. Riddle*, 168 W.Va. 429, 285 S.E.2d 359 (1981); Annot., 3 A.L. R.2d 1401 (1949 & Supp.1985). A state may require school attendance as against a claim of religious liberty. *Prince v. Commonwealth of Massachusetts*, 64 S.Ct. 438, 321 U.S. 158, 88 L.Ed. 645 (1944); 16A C.J.S. § 519 (1984). An exception to this rule is *Wisconsin v. Yoder*, supra. In *Yoder*, the Supreme Court held that the First and Fourteenth Amendments prevented the State of Wisconsin from compelling the parents in that case, who were members of the Amish faith, to cause their children to attend formal high school to age sixteen. It is somewhat difficult to develop a generalized rule from the Court's specific holding. The Court noted that its holding was not intended to undermine the general applicability of compulsory school attendance laws, and the facts of that case can easily be distinguished from the facts before us here. In *Yoder*, Amish religious beliefs are discussed at length, the Court emphasizing that the Amish mode of life and

1. We assume that the Howells do not rely on the Establishment Clause in the First Amendment, "Congress shall make no law respecting an establishment of religion," U.S. Const. amend. I, the purpose of which is to protect against state sponsorship, financial support and active involvement in religious activity. *See Walz v. Tax Commission*, 397 U.S. 664, 90 S.Ct. 1409, 25 L.Ed.2d 697 (1970); *State v. Corpus Christi People's Baptist Church, Inc.*, 683 S.W.2d 692 (Tex. 1984).

education is inseparable from and a part of the basic tenets of their religion, and has been practiced consistently for almost 300 years. In contrast, the Howells, while perhaps sincere in their beliefs, made no showing of a religious or cultural tradition comparable to that in *Yoder*, or that similarly serious harm would result to the practices of a distinct group. The Amish did not object to their children attending school through the eighth grade—it was only the requirement of high school attendance to age sixteen to which they objected. The precise ages of the children here are not shown, but the schools that they are supposed to be attending are an elementary school and a junior high school, so they are younger than the children involved in *Yoder*.

The Texas Constitution also provides freedom of worship. Tex. Const. art. I, § 6 provides:

All men have a natural and indefeasible right to worship Almighty God according to the dictates of their own consciences. No man shall be compelled to attend, erect or support any place of worship, or to maintain any ministry against his consent. No human authority ought, in any case whatever, to control or interfere with the rights of conscience in matters of religion, and no preference shall ever be given by law to any religious society or mode of worship. But it shall be the duty of the Legislature to pass such laws as may be necessary to protect equally every religious denomination in the peaceable enjoyment of its own mode of public worship.

Tex. Const. art. I, § 29 excepts the provisions of the Bill of Rights of the Texas Constitution out of the general powers of government and declares that those provisions shall remain forever inviolate and all laws contrary thereto shall be void. The Texas Constitution grants greater religious freedom than is provided for in the United States Constitution. However, we must assume that in order to assert a violation of the freedom of religion guaranteed them under the Texas Constitution, the Howells must first demonstrate that the compulsory school attendance law substantially burdens the exercise of their religious beliefs. The Howells have failed to make the required showing of their religious beliefs or the burden placed on those beliefs by the compulsory school attendance law. If a group of parents showed that the exercise of their religious beliefs was substantially burdened by requiring their children to attend school under Tex.Educ.Code Ann. § 21.032 (Vernon Supp.1986), the State would then be required to show a compelling State interest behind the regulation and the lack of a less restrictive, alternative means of meeting that State interest, such as an approved course of home study. However, that is not the case before us.

The Howells also rely on the word of God as a law that exempts them from compliance with the compulsory school attendance law. The courts of the State of Texas enforce the laws of Texas and the United States. The First Amendment to the United States Constitution prohibits the civil courts from exercising any jurisdiction over purely ecclesiastical matters. *Presbytery of the Covenant v. First Presbyterian Church of Paris, Inc.*, 552 S.W.2d 865 (Tex.Civ.App.—Texarkana 1977, no writ).

The Howells contend that the State did not meet its required burden of proof because it failed to show that they were not exempt from complying with Section 21.032 under other laws. Tex.Penal Code Ann. § 2.01 (Vernon 1974) states: "All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt." The Penal Code section on definitions provides:

"Element of offense" means:

(A) the forbidden conduct;

(B) the required culpability;

(C) any required result; and

(D) the negation of any exception to the offense.

Tex.Penal Code Ann. § 1.07(a)(13) (Vernon 1974). The State did show that the children were required to be enrolled in the public schools under Section 21.032, that

the children were not so enrolled and that the children did not fall into any of the four exemptions set out in Section 21.033. Indeed, the Howells admit in their brief that they have never denied these facts. They argue that the State is required to go further, to show that they are not exempt under any of the "other laws" referred to in Section 21.032. The State has shown the negation of all exceptions to the offense that are specifically set out in the relevant statutes, Tex.Educ.Code Ann. §§ 4.25, 21.-032 and 21.033. It is up to the Howells to show any other exemptions provided by law. If the Howells had shown other exemptions, then the State would have been required to show the negation of these exemptions also. As discussed earlier, the other laws specifically mentioned by the Howells do not exempt them from compliance with the compulsory school attendance law.

Additionally, the Howells maintain that the trial court should have granted their motion for a mistrial because one of the jurors was an employee of the school district. After the jury had returned their verdict and just before they were dismissed by the judge, the following exchange occurred:

> MR. HOWELL: It's just come to our attention that one of the jurors is of a fact an employee of Gilmer High School, and therefore, we feel that it's impossible that we could have received an impartial hearing. We think this knowledge was known to other people but not to us, and at this time the Defendants would like to make a motion for a mistrial.

> THE COURT: I'm going to deny that. I think the State and the Defense had the opportunity to ask those questions this morning.

The Howells waived any right to challenge the juror on this basis when they failed to inquire about it during the voir dire examination of the jury panel and present their challenge at that time. *Mangum v. State,* 493 S.W.2d 798 (Tex.Crim.App.1973).

The Howells fail to show any reversible error. Thus, we affirm the trial court's judgment.