**Affirmed and Opinion Filed August 26, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00598-CR
### No. 05-14-00626-CR
### No. 05-14-00627-CR

### EX PARTE ANTONIO HERRERA

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F11-42288-U, F11-42289-U, F11-42290-U**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Bridges

Antonio Herrera appeals the trial court's order denying relief on his application for writ of habeas corpus. In three issues, appellant contends the Court has jurisdiction to hear his appeal and the trial court abused its discretion by entering an order barring him from attending religious services as a condition of his pretrial bonds and mandating additional bond conditions not specifically requested by the State. We affirm.

### BACKGROUND

On May 20, 2013, appellant was charged in Dallas County with three offenses of aggravated sexual assault of a child under age fourteen. All three offenses involved the same complainant and allegedly occurred in 2000. Pretrial bond was set at $15,000.

On March 4, 2014, Denton County issued a warrant for appellant's arrest, alleging he committed an indecency with a child offense against a second victim in 2007. On March 5,

2014, the State filed a motion to hold appellant's bond insufficient and increase his existing bond. On that same date, the trial court issued an order increasing appellant's bonds to $100,000 in each case. On March 6, 2014, appellant filed a response to the State's motion. The trial court issued an order granting partial relief to appellant by lowering the bond to $25,000 in each case but also setting bond conditions that included appellant's confinement at home with participation in electronic monitoring and that he have no contact with the complainant or anyone under the age of eighteen.

On March 7, 2014, appellant filed a motion to amend the conditions of electronic monitoring to allow him to attend his aunt's funeral and to allow him to attend church services as long as he had no contact with any minors. In the motion, appellant represented he was retired and a deacon in the church. The trial court permitted appellant to attend his aunt's funeral services, but it denied his request to attend regular church services pending a hearing.

On March 19, 2014, the trial court conducted a hearing on appellant's bond conditions. During the hearing, appellant complained the monitoring order was not specific enough, the requirement of home monitoring was imposed without being requested by the State, and the prohibition of appellant's attendance at religious services violates his state and federal constitutional rights to the free exercise of his religion. Appellant conceded the trial court's broad discretion to set conditions of pretrial bail, but argued it was "exceptionally onerous" to bar a person with no criminal history from attending religious services. Appellant suggested that he be allowed to attend with a stipulation that he have no unsupervised contact with minors.

In response, the trial court modified the order to provide for full-time house arrest with GPS monitoring, stating its belief "that the leg monitor is necessary to protect not only the victim but also the public in this case." The trial court indicated its belief that barring appellant from religious services was necessary to protect people he came into contact with at church in light of

appellant's pending charges and the fact he had a leadership position as a deacon and as a Sunday school teacher at the church. The trial court offered to reconsider its ruling if appellant presented evidence showing the pastor of the church did not object to appellant's attendance and that an adequate monitoring service was in place.

Appellant filed a writ of mandamus contesting the conditions of house arrest and the prohibition from attending religious services. The Court denied relief on the ground appellant has an adequate remedy by writ of habeas corpus. *See In re Herrera*, No. 05-14-00394-CV, 2014 WL 1477922 (Tex. App.—Dallas Apr. 14, 2014, no pet.).

On April 15, 2014, the State filed a motion to hold the bond insufficient and increase the bond amounts. The State alleged appellant had violated the conditions of electronic monitoring by leaving his home at 3:47 a.m. and traveling to an elementary school approximately six-tenths of a mile away. According to the monitor, appellant returned home at 3:55 a.m. When contacted by the ELM officer, appellant denied leaving his residence and suggested an equipment malfunction. A technician at the ELM company informed the officer that the monitoring was "a valid leave." The trial court granted the State's motion and set the bonds at $250,000 in each case. On April 16, 2014, appellant filed a motion to reinstate the $15,000 bond. Appellant again pointed out that the State had not requested electronic monitoring and he contended that the bond condition of house arrest was not imposed in accordance with section 17.40 of the code of criminal procedure. The trial court granted appellant's motion, reduced his bonds to $25,000 each, left the other conditions intact, and ordered that he have no unsupervised contact with anyone under the age of eighteen.

On April 30, 2014, appellant filed a pretrial application for writ of habeas corpus to challenge the bail conditions. Appellant contended that because the Denton County offense occurred in 2007, it could not be a new offense justifying increasing appellant's bond and

placing new restrictions on him. Appellant further contended the trial court exceeded the State's requested relief in imposing sua sponte the requirement of home confinement with electronic monitoring. Appellant also contended that the prohibition on his church attendance violated his federal and state constitutional rights to the free exercise of his religion. On May 7, 2014, the trial court denied the writ application.

## STANDARD OF REVIEW

An applicant for habeas corpus relief must prove the applicant's claims by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). In reviewing the trial court's order, we view the facts in the light most favorable to the trial court's ruling, and we uphold the ruling absent an abuse of discretion. *Id.* This deferential review applies even if the trial court's findings are implied rather than explicit and based on affidavits rather than live testimony. *Ex parte Wheeler*, 203 S.W.3d 317, 325–26 (Tex. Crim. App. 2006). If the resolution of the ultimate question turns on an application of legal standards, we review the determination de novo. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007).

## ANALYSIS

### Jurisdiction

Appellant's first issue addresses whether the Court has jurisdiction to consider this appeal. After appellant filed his notice of appeal and docketing statement, it was unclear to the Court whether appellant was appealing from a reviewable denial of a pretrial application for writ of habeas corpus or from an unreviewable motion regarding pretrial bail. *See Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014); *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005) (per curiam). The Court requested letter briefs from the parties to determine whether

–4–

the Court had jurisdiction to consider appellant's appeal. The clerk's record shows appellant is appealing from the denial of his writ application. Both appellant and the State agree the Court has jurisdiction to consider this appeal. The clerk's record supports the parties' assessment. Because jurisdiction is evident, we need not further address appellant's first issue.

Prohibition on Church Attendance

In his second issue, appellant contends the trial court abused its discretion by entering an order barring him from attending religious services as a condition of his pretrial bond. Appellant contends the trial court's order infringes his state and federal constitutional rights to freely exercise his religion, constitutes constitutionally excessive bail, and deprives him of his right to due process of law.[1] Appellant concedes the trial court has broad discretion under the code of criminal procedure to set conditions of pretrial bail, but he contends the restriction on his religious liberty is excessive and outside the bounds of the trial court's discretion.

Before addressing appellant's contentions, we first consider the State's contention that appellant did not present an adequate record on appeal. The State points out that the trial court did not hold a hearing on appellant's writ application and, although appellant cites to a reporter's record in his application, the record does not show he actually attached a copy of the transcription of the March 19, 2014 bond hearing to his application. Thus, the State contends the evidence from the bond hearing was not before the trial court at the time it considered appellant's writ application.

The record shows the same trial court judge presided over the bond proceedings and the writ application. All of the relevant events from the filing of the State's motion to increase bond

---

[1] Appellant also contends the condition violates his rights under the state and federal religious freedom restoration acts. *See* 42 U.S.C.A. § 2000bb *et seq.* (West 2012); TEX. CIV. PRAC, & REM. CODE ANN. § 110.001 et seq. (West 2011). Appellant did not complain under these statutes in the trial court proceedings. He may not raise the complaints for the first time on appeal. *See Ex parte Tucker*, 977 S.W.2d 713, 714–15 (Tex. App.—Fort Worth 1998), *pet. dism'd*, 3 S.W.3d 576 (Tex. Crim. App. 1999) (per curiam); *Greenville v. State*, 798 S.W.2d 361, 362–63 (Tex. App.—Beaumont 1990, no pet.). Other than bare assertions that the statutes were violated, appellant presents no argument or authority detailing any violations of the acts.

until resolution of the writ application occurred in a period of approximately two months. Appellant's contentions in his writ application are the same contentions appellant made in the March 19 bond hearing. Appellant cites to the reporter's record in his writ application. Although the better practice would have been to include the reporter's record from the bond hearing in the appendix to appellant's writ application, we cannot conclude from the record presented that appellant has failed to present an adequate record on appeal.

Turning to the merits of appellant's contentions, we first consider whether prohibiting appellant from attending religious services violates his right to free exercise of religion. The First Amendment provides in relevant part that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . ." U.S. CONST. amend. I. The First Amendment was made applicable to the States by the passage of the Fourteenth Amendment. *See Murdock v. Pennsylvania*, 319 U.S. 105, 108 (1943). At a minimum, the Free Exercise Clause of the First Amendment prevents the government from passing laws that discriminate against some or all religious beliefs or that regulate or prohibit conduct because it is undertaken for religious reasons. *See Church of Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 532 (1993). A Free Exercise claim will be sustained only if the disputed governmental action places a substantial burden on the observation of a central religious belief without a compelling governmental interest justifying the burden. *See Jimmy Swaggert Ministries v. Bd. of Equalization of California*, 493 U.S. 378, 384–85 (1990).

The Texas Constitution also guarantees freedom to worship:

All men have a natural and indefeasible right to worship Almighty God according to the dictates of their own consciences. No man shall be compelled to attend, erect or support any place of worship, or to maintain any ministry against his consent. No human authority ought, in any case whatsoever, to control or interfere with the rights of conscience in matters of religion, and no preference shall ever be given by law to any religious society or mode of worship. But it shall be the duty of the Legislature to pass such laws as may be necessary to

> protect equally every religious denomination in the peaceable enjoyment of its own mode of public worship.

TEX. CONST. art. I, § 6 (West 2007).

The Texas Constitution provides greater protections for the free exercise of one's religion than does the federal constitution. *See Howell v. State*, 723 S.W.2d 755, 758 (Tex. App.—Texarkana 1986, no writ). Because appellant does not contend there is a difference in the protections afforded by the Texas and federal constitutions in his cases, we assume, without deciding, that the federal and state constitutional guarantees of free exercise of religion are coextensive with respect to his claims. *See HEB Ministries, Inc. v. Tex. Higher Educ. Coordinating Bd.*, 235 S.W.3d 627, 649–50 (Tex. 2007); *Tilton v. Marshall*, 925 S.W.2d 672, 677, n. 6 (Tex. 1996).

Citing four opinions of the United States Supreme Court, appellant contends he has an unfettered right to attend worship services that the State is constitutionally barred from abridging. The authorities appellant cites deal generally with the right to religious liberty; none address the specific circumstance of an individual accused of felony sexual offenses committed against children. *See McDaniel v. Paty*, 435 U.S. 618, 628–29 (1940) (holding unconstitutional a state statute that prohibited clergy from serving in state legislature); *Sch. Dist. of Abington Tp., Pa. v. Schempp*, 374 U.S. 203, 223–25 (1963) (holding unconstitutional requirement that public schools begin each day with reading from the Bible); *Murdock*, 319 U.S. at 871–73 (holding unconstitutional city ordinance requiring petitioners to obtain license and pay tax before distributing religious pamphlets); *Cantwell v. Conn.*, 310 U.S. 296, 305, 310–11 (1940) (striking down law that required groups to obtain state permission before soliciting money for religious, charitable, or philanthropic causes and reversing conviction for breach of peace arising from religious proselytization). Moreover, the United States Supreme Court has recognized that while

the freedom of individual belief is absolute, the freedom to act on that belief "remains subject to regulation for the protection of society." *Cantwell*, 310 U.S. at 303–04.

Likewise, the interpretive commentary to article one, section six of the Texas Constitution makes a similar point about the limits of religious liberty:

> Nevertheless, the free exercise of religion does not go so far as to be inclusive of actions which are in violation of social duties or subversive of good order. Although freedom to believe may be said to be absolute, freedom of conduct is not and conduct even under religious guise remains subject to regulation for the protection of society. But conduct may be infringed or restricted by the state only to prevent grave and immediate dangers to interests of the state which the state may lawfully protect.

TEX. CONST. art. I, § 6 interp. commentary (West 2007). *See also Tilton v. Marshall*, 925 S.W.2d 672, 677 (Tex. 1996) (explaining that state and federal constitutions offer broad protection to free exercise of religion but do not bar all claims touching on religious conduct).

In this case, the record shows the trial court was willing to work with appellant to secure his right to freely exercise his religion. When the issue of appellant's church attendance first arose, the trial court issued an order allowing appellant to attend a relative's funeral at the church but barring him from attending regular church services until a hearing could be held. During the hearing, held within two weeks of the initial order prohibiting appellant's church attendance, the trial court stated its rationale for not allowing appellant to attend regular church services:

> he's charged with sexual contact at the least with minors in three different cases in Dallas County and charged with that in Denton County. So, I don't believe that it's punitive at all. I believe that it's simply an act to try to protect people he comes into contact with or potentially could come into contact with at church. Especially it's my understanding that he's got a leadership position in the church as well.

After establishing that appellant is both a deacon and a Sunday school teacher, the trial court further explained:

> I don't want him attending church. Now we can, it may be a situation if there's evidence brought to me that the pastor of the church has no problem with it and there's an adequate monitoring service, that might change my mind. But at this

point there's not any evidence before the Court that I believe that children under the age of 18 are protected if they have unsupervised contact with him. I'm going to leave that the way it is.

Appellant's counsel then informed the trial court that he would "make the adequate inquiries." There is no evidence in the record showing trial counsel ever inquired whether the pastor would approve of appellant's attendance or whether a monitoring system could be put into place. No one affiliated with the church testified about whether appellant would be welcome or what type of arrangements could be made to safeguard minors while appellant was in attendance.

The record shows the trial court imposed the condition that appellant not attend church to serve the compelling governmental interest of safeguarding children from an individual accused of committing multiple sexual offenses against children. Based on the limited evidence presented, the trial court was entitled to assume that as a deacon and Sunday school teacher, appellant was in a position of authority within the church, would have access to children, and there was at present no means of monitoring or restricting his access to children. The trial court indicated that its decision was grounded on a lack of evidence presented regarding how appellant could attend worship services without coming into contact with children in attendance. The trial court indicated a willingness to revisit its decision if appellant could show he had the pastor's consent and an adequate monitoring system was in place. Although trial counsel agreed to "make the adequate inquiries" in order to fulfill the trial court's conditions, the record does not reflect any evidence showing an effort to satisfy the trial court's reasonable conditions. Appellant did not present to the trial court any less restrictive alternative to the prohibition the trial court left in place. Under the circumstances, we cannot conclude the trial court violated appellant's constitutional right to the free exercise of his religious beliefs.

Appellant next contends that prohibiting him from attending church as a condition of pretrial bail is excessive under the state and federal constitutions and is outside the bounds of the

trial court's discretion under article 17.15 of the code of criminal procedure. *See* U.S. CONST. amend. VIII, XIV; TEX. CONST. art. I, §§ 11, 13 (West 2007); TEX. CODE CRIM. PROC. ANN. art. 17.15 (West 2005).

In evaluating an excessive bail claim under the Eighth Amendment, we consider whether the release conditions are excessive in light of the perceived evil and the interest the government seeks to protect. *United States v. Salerno*, 481 U.S. 739, 754 (1987). The conditions imposed must be reasonably calculated to fulfill the government's purpose in imposing them. *See Stack v. Boyle*, 342 U.S. 1, 5 (1951).

Pretrial bail is set to ensure a defendant's presence at trial and to ensure the community and victim's safety while the proceedings are pending. *Pharris v. State*, 165 S.W.3d 681, 691 (Tex. Crim. App. 2005). In setting pretrial bail, the trial court is guided by the constitution and the following set of rules:

> 1.  The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.
> 2.  The power to require bail is not to be used as to make it an instrument of oppression.
> 3.  The nature of the offense and the circumstances under which it was committed are to be considered.
> 4.  The ability to make bail is to be regarded, and proof may be taken upon this point.
> 5.  The future safety of a victim of the alleged offense and the community shall be considered.

TEX. CODE CRIM. PROC. ART. 17.15 (West 2005).

Factors to use in applying the rules include: (1) the length of the sentence; (2) the nature of the offense; (3) the defendant's work record, family ties, and length of residency; (4) prior criminal record; (5) conformity with previous bond conditions; (6) other outstanding bonds; and (7) aggravating factors of the offense. *Ex parte Rubac*, 611 S.W.2d 848, 849–50 (Tex. Crim. App. [Panel Op.] 1981). To secure a defendant's attendance at trial, the trial court may "impose any reasonable condition of bond related to the safety of a victim of the alleged offense or to the

safety of the community." TEX. CODE CRIM. PROC. ART. 17.40(a) (West Supp. 2013). The trial court's conditions must be reasonable, designed to secure the defendant's presence at trial, and related to the safety of the alleged victim or the community. *Ex parte Anderer*, 61 S.W.3d 398, 401–02 (Tex. Crim. App. 2001). The applicant bears the burden to show the trial court abused its discretion in setting the amount and conditions of bail. *See Rubac*, 611 S.W.2d at 849.

Appellant concedes the trial court has wide discretion in setting the conditions of release under article 17.15. Nevertheless, appellant contends there is no "causal nexus" between the condition that he not attend church on the one hand and securing his attendance at future court settings or protecting the community or victim on the other hand. Appellant asserts that the complainants do not attend his church and the allegations against him do not involve any activities occurring at the church nor any church members. Appellant further asserts there are "less restrictive means than a total prohibition on attendance at religious services that are available to effectuate the protection of the community and/or victim in the instant case."

During the March 19, 2014 bond hearing, trial counsel stipulated that allowing appellant to continue teaching Sunday school "might be beyond the grounds of what I would reasonably ask for given the allegations that are pending." Other than that concession, appellant asserted a broad right to attend services without presenting any evidence as to how his attendance might be effectuated without endangering minors. The trial court grounded its ruling on the lack of evidence before the trial court showing minors are protected if they have unsupervised contact with appellant. Considering the government's compelling interest to protect children from becoming potential victims of sexual assault and the fact appellant brought no evidence to show he could attend services without having unsupervised contact with minors, we cannot conclude the trial court imposed excessive bail or abused its discretion in releasing him upon the condition

that he not attend church services. *See* TEX. CODE CRIM. PROC. ART. 17.40(a); *Anderer*, 61 S.W.3d at 401–02; *Rubac*, 611 S.W.2d at 849. We overrule appellant's second issue.

<u>Electronic Monitoring and Home Confinement</u>

In his third issue, appellant contends the trial court erred in imposing the conditions of electronic monitoring and home confinement because such conditions were not requested by the State. Appellant contends the conditions cannot be reasonable where they were imposed sua sponte by the trial court, have no causal nexus to the safety of the community or alleged victims, and there are less restrictive alternatives, such as appellant's stipulation that he have no contact with anyone under the age of eighteen years. Appellant asserts he is not a flight risk and he has attended all court dates. Appellant also asserts the conditions violate his right to due process of law in that they are being used as instruments of oppression.

The trial court has statutory authority to impose conditions of home confinement and electronic monitoring upon defendants released on pretrial bail. *See* TEX. CODE CRIM. PROC. ANN. art. 17.44(a)(1) (West Supp. 2013); *see also Tucker*, 977 S.W.2d at 718 (refusing to disturb condition of pretrial bond imposing home confinement and electronic monitoring on defendant on ground such condition is expressly provided by statute). Nothing in the wording of the statute limits the trial court to imposing only those conditions requested by the State. *See* TEX. CODE CRIM. PROC. ANN. art. 17.44(a)(1). Appellant's sole citation to authority for his contention that the trial court's options are limited to those proposed by the State is an inapplicable civil case involving appellate jurisdiction over summary judgments that grant more relief than was requested in the motion for summary judgment. *See Inglish v. Union State Bank*, 945 S.W.2d 810, 811 (Tex. 1997).

The record shows the trial court imposed the conditions of home confinement and electronic monitoring only after a case involving a second alleged victim was filed. Before

–12–

imposing the conditions, the trial court established appellant was unemployed. Appellant cites no authority suggesting that imposing conditions of home confinement and electronic monitoring on an unemployed individual accused of multiple sexual offenses against children is unreasonable, excessive, or oppressive. Under the circumstances presented, we conclude appellant has not shown the trial court abused its discretion. *See* TEX. CODE CRIM. PROC. ANN. art. 17.44(a)(1); *Rubac*, 611 S.W.2d at 849; *Ex parte Anunobi*, 278 S.W.3d 425, 429 (Tex. App.—San Antonio 2008, no pet.) (upholding home confinement as condition of pretrial release to ensure defendant's appearance at trial and to protect victims and community from further offenses). Thus, we overrule appellant's third issue.

Finding no abuse of discretion and no violations of appellant's constitutional rights, we affirm the trial court's order denying relief on appellant's application for writ of habeas corpus.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
140598F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

**JUDGMENT**

EX PARTE ANTONIO HERRERA

No. 05-14-00598-CR

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F11-42288-U.
Opinion delivered by Justice Bridges.
Justices Francis and Lang-Miers participating.

Based on the Court's opinion of this date, the order of the trial court denying relief on appellant's application for writ of habeas corpus is **AFFIRMED**.

Judgment entered August 26, 2014



# Court of Appeals
# Fifth District of Texas at Dallas

**JUDGMENT**

EX PARTE ANTONIO HERRERA

No. 05-14-00626-CR

On Appeal from the 291st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F11-42289-U.
Opinion delivered by Justice Bridges.
Justices Francis and Lang-Miers
participating.

Based on the Court's opinion of this date, the order of the trial court denying relief on appellant's application for writ of habeas corpus is **AFFIRMED**.

Judgment entered August 26, 2014



# Court of Appeals
# Fifth District of Texas at Dallas

**JUDGMENT**

EX PARTE ANTONIO HERRERA

No. 05-14-00627-CR

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F11-42290-U.
Opinion delivered by Justice Bridges.
Justices Francis and Lang-Miers participating.

Based on the Court's opinion of this date, the order of the trial court denying relief on appellant's application for writ of habeas corpus is **AFFIRMED**.

Judgment entered August 26, 2014