Ricky D. HITT, Kathleen Hitt and Charlott Cross, Plaintiffs-Appellants,

v.

The CITY OF PASADENA and John Ray Harrison, Individually and as Mayor of Pasadena, Defendants-Appellees.

No. 77–2043
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 19, 1977.

---

* Rule 18, 5th Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

W. Michael Leebron, II, Laron D. Robinson, Houston, Tex., for plaintiffs-appellants.

Charles A. Easterling, City Atty., Douglas Ogle, Asst. City Atty., Pasadena, Tex., for defendants-appellees.

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

PER CURIAM:

The plaintiffs in this case are the surviving children of Charles A. Hitt. They brought a civil rights action under 42 U.S.C. §§ 1981–1983 against the mayor and City of Pasadena, Texas, and against unknown police agents of that city. They allege that their father, while in custody of the Pasadena police, suffered a beating that later proved fatal. Shortly after their complaint was filed the defendants filed an answer and a motion to dismiss under Federal Rule of Civil Procedure 12(b). The plaintiffs' attorneys acknowledge certain defects in their pleadings but say that they received

verbal assurances from the court clerk that he would briefly delay submitting the defendants' motion to dismiss, in order to allow them time to amend the complaint. Whatever the facts of this matter may be, the plaintiffs' attorneys failed to file a motion for leave to amend until after the court had dismissed the complaint with prejudice. At the same time that the plaintiffs filed for leave to amend they also filed a motion for rehearing and for a new trial, both of which were denied by the trial court. The plaintiffs appeal from the original dismissal of their case with prejudice, as well as from the denial of the rehearing. We reverse the district court's dismissal with prejudice and remand for dismissal without prejudice.

■■■ The district court's order dismissing the case was apparently based both on want of federal jurisdiction as well as on failure to state a claim on which relief could be granted. Ordinarily, where both these grounds for dismissal apply, the court should dismiss only on the jurisdictional ground under Fed.R.Civ.P. 12(b)(1), without reaching the question of failure to state a claim under Fed.R.Civ.P. 12(b)(6). C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1350 (1971). Dismissal with prejudice for failure to state a claim is a decision on the merits and essentially ends the plaintiff's lawsuit, whereas a dismissal on jurisdictional grounds alone is not on the merits and permits the plaintiff to pursue his claim in the same or in another forum.

■ It is not clear from the district court's opinion whether each claim against each defendant was dismissed on both grounds, i. e., want of jurisdiction as well as failure to state a claim.[1] But even supposing that it were proper to reach the 12(b)(6) issue as to all of the defendants, the district court's dismissal on the merits with preju-

dice was unduly harsh under the circumstances of this case.

■■■ As a general guide to the interpretation of the Federal Rules of Civil Procedure, the Supreme Court has said: "The federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). It is the well-established policy of the federal rules that the plaintiff is to be given every opportunity to state a claim. As this court has often stated, a complaint is not subject to dismissal unless "it appears to be a certainty that the plaintiff cannot possibly be entitled to relief under any set of facts which could be proved in support of its allegations. Even then, a court ordinarily should not dismiss the complaint except after affording every opportunity [for] the plaintiff to state a claim upon which relief [can] be granted." *Byrd v. Bates*, 220 F.2d 480, 482 (5th Cir. 1955). *See also Black v. First National Bank of Mobile*, 255 F.2d 373, 375 (5th Cir. 1958); *Robertson v. Johnston*, 376 F.2d 43, 45 (5th Cir. 1967). With respect to the question of a dismissal with prejudice, this court has said: "In the decided cases it is recognized that the dismissal of a case with prejudice is a drastic remedy to be used only in those cases where a lesser sanction would not better serve the interests of justice." *Brown v. Thompson*, 430 F.2d 1214, 1216 (5th Cir. 1970).

■ This case fails to meet the stringent standards laid down for dismissal with prejudice. It is true that the plaintiffs failed to respond to the defendants' motion in a timely manner and that they certainly could have exercised greater diligence in as-

---

1. Since a city is not a "person" for purposes of 42 U.S.C. § 1983, jurisdiction was wanting of the City of Pasadena under this statute's companion jurisdictional statute, 28 U.S.C. § 1343; this grants jurisdiction in § 1983 cases only where "authorized" by law. As to the second defendant, the mayor, the original complaint did not allege any personal involvement in the beatings. Apparently in support of the argument that no claim was stated against him under 42 U.S.C. § 1983, he stated in an uncontested affidavit that he had neither known about nor authorized nor participated in any way in the alleged beatings. Finally, the original complaint did not name the police chief as a defendant, although plaintiffs sought to add him as a defendant in an amended complaint.

certaining the deadlines in the case. But the delay in this instance was not in fact long, nor was the inconvenience to the court great. By comparison, the plaintiffs' loss from a dismissal with prejudice would be very severe, since in the absence of such a dismissal they might have been able by appropriate amendments, to cure the jurisdictional defects in their complaint and to establish a claim against these or other defendants related to the incident. We intimate no view as to the validity of their claims under an amended complaint; we note only that a dismissal with prejudice may well deny them the opportunity to bring those claims altogether, in any forum. Such a result is contrary to accepted interpretations of the Federal Rules of Civil Procedure. Given the balance of hardships in this case, we hold that it was clearly an abuse of discretion to dismiss the plaintiffs' case with prejudice. In a somewhat similar case, this court reversed and remanded with the order that the dismissal be entered without prejudice to the plaintiffs' rights to submit an amended complaint within a reasonable time, to be determined by the district court. *Tuley v. Heyd*, 482 F.2d 590 (5th Cir. 1973). We so order here.

REVERSED and REMANDED.