**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-50324

(Summary Calendar)
_____


GEOFFREY E ROHDE,

Plaintiff-Appellant,

versus


RIPPY SURVEYING COMPANY; C P RIPPY, President;
CLINTON LAMONT RIPPY; VERNON HILTON KIRBY,

Defendants-Appellees.

Appeal from the United States District Court
For the Western District of Texas
(A-97-CV-14)

November 19, 1997

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

The plaintiff, Geoffrey Rohde, appeals the district court's dismissal of his employment discrimination claim brought under Title VII of the 1964 Civil Rights Act.  42 U.S.C. §§ 2000e to 2000e-17.  Rohde appeals only that portion of the district court's judgment dismissing his claim against Rippy Surveying Company, the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

corporate defendant; he does not appeal the district court's dismissal against the individual defendants.

The district court dismissed Rohde's claim against Rippy Surveying Company under FED. R. CIV. P. 12(b)(1) because Rohde failed to produce competent evidence that Rippy Surveying Company had at least 15 employees))a necessary requirement for subject matter jurisdiction in a Title VII claim. The only evidence before the district court relating to its subject matter jurisdiction consisted of affidavits submitted by the defendants with their motion to dismiss, attesting to the fact that Rippy Surveying Company employed fewer than 15 employees.

In Rohde's response to the defendants' motion to dismiss, he did not dispute that Rippy Surveying Company had less than 15 employees; he claimed instead that Rippy Surveying Company and several other companies should be considered a "single entity" for Title VII purposes. *See Trevino v. Celanese Corp.*, 701 F.2d 397, 403-04 (5th Cir. 1983) (setting forth a four-part test for deciding when different companies should be considered a "single integrated enterprise" under Title VII). In his motion, Rohde discussed and made reference to several exhibits and affidavits that allegedly supported his "single entity" theory. He incorrectly assumed that those exhibits were in the record, and he did not attach them to his motion or in any way put them before the district court in this action.[1] Consequently, on the evidence before it, the district

_____

[1] Instead, the referenced exhibits were attached to a complaint in an earlier proceeding that had been dismissed for failure to exhaust administrative remedies and that was before a

-2-

court correctly dismissed this action for lack of subject matter jurisdiction under FED. R. CIV. P. 12(b)(1).[2]

We AFFIRM.

---

different judge.  The district court correctly concluded that the exhibits were not in the record and not properly before the court. FED. R. CIV. P. 8, 10.  Moreover, although Rohde reattached his original exhibits to his brief on appeal, they are not part of the record on appeal and we cannot consider them. *See* FED. R. APP. P. 10(a); *Topalian v. Ehrman*, 954 F.2d 1125, 1132 & n.10 (5th Cir. 1992); *Munoz v. International Alliance of Theatrical Stage Employees and Moving Picture Mach. Operators*, 563 F.2d 205, 209 (5th Cir. 1977).

[2]     While the district court did not explicitly state that the dismissal was without prejudice, a dismissal under FED. R. CIV. P. 12(b)(1) is not a decision on the merits, and in this case, permits the plaintiff to pursue his claim in the same or another forum if he can establish the facts that give the court subject matter jurisdiction. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977); 5A CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1350 at 225 (2d ed. 1990); *see also Williamson v. Tucker*, 645 F.2d 404, 414 (5th Cir. 1981) ("Insofar as the defendant's motion to dismiss raises factual issues, the plaintiff should have an opportunity to develop and argue the facts in a manner that is adequate in the context of the disputed issues and evidence.").