Robert BOYD and Susan Boyd, Plaintiffs,

v.

The TOWN OF RANSOM CANYON, TEXAS, Defendant.

Civil Action No. 5:07–CV–129–C.

United States District Court,
N.D. Texas,
Lubbock Division.

April 10, 2008.

Dulan D. Elder, Richard & Elder, Lubbock, TX, for Plaintiffs.

Matt D. Matzner, William J. Wade, Crenshaw, Dupree & Milam, Lubbock, TX, for Defendant.

## ORDER NUNC PRO TUNC [1]

SAM R. CUMMINGS, District Judge.

On this day the Court considered Defendant Town of Ransom Canyon, Texas' Motion and Brief to Dismiss, filed July 25, 2007. The Court further considered Plaintiffs' Response and Brief in Support, filed August 10, 2007.

### I.

### PROCEDURAL HISTORY

On July 5, 2007, Plaintiffs filed their Complaint to recover against Defendant for claims alleged pursuant to 42 U.S.C. § 1983 and PRB–1.[2] Defendant has not yet

---

1. Because counsel for Defendant has requested publication of the Order filed August 30, 2007, this Order Nunc Pro Tunc is entered to correct style errors.

2. The Court will refer to Plaintiffs Robert Boyd and Susan Boyd as the "Plaintiffs" throughout this Order. The Defendant argues in its Motion that Plaintiff Susan Boyd has no standing to bring any type of PRB–1 claim because Plaintiffs' Complaint has alleged she is not a ham radio operator. (Pls.' Compl. 13–14, ¶ 52 and 58 ("She is not an amateur radio operator and has never made any appearance asking for anything related to the Antenna or the building permit.")). However, Plaintiffs argue in their Response that Susan Boyd has standing for the alleged 42 U.S.C. § 1983 violations of due process and

filed an answer. On July 25, 2007, pursuant to the Federal Rules of Civil Procedure, Defendant filed its Motion to Dismiss prior to filing an answer. Plaintiffs filed their Response on August 10, 2007. Defendant's Motion to Dismiss is better characterized as a motion to dismiss in part because Defendant appears to conclude in footnote 2 of its Motion that "Plaintiffs' due process/equal protection-related § 1983 claims ... may need to await the submission of other evidence to this Court in a Rule 56 motion." (Def.'s Mot. 2 n.2.)

## II.

## BACKGROUND

Plaintiffs seek redress for alleged violations of certain regulatory provisions governing ham radio operators and the towers such operators use for broadcasting and receiving electronic communications. Both parties rely on the FCC's decision in *In re Federal Preemption of State and Local Regulations Pertaining to Amateur Radio Facilities*, 101 F.C.C.2d 952 (1985) [hereinafter PRB–1]. *See also* 47 C.F.R. § 97.15(b) (adopting PRB–1). Additionally, Plaintiffs state claims under 42 U.S.C. § 1983, alleging that Defendant has violated Plaintiffs' procedural and substantive due process rights as well as their equal protection rights under the Fourteenth Amendment to the United States Constitution.

Plaintiffs' Complaint arises from an alleged process of attempting to erect a 65–foot antenna facility on residential property (which they apparently own, though it is unclear whether said property is their principal residence) within the municipal limits of the Town of Ransom Canyon, Texas. Plaintiffs allege that attempts to secure approval for said antenna tower have been unsuccessful and that they were eventually cited for violating Ordinance 56 on a recurring basis after having completed construction of the antenna tower in June of 2007.[3] Plaintiffs allege that the Town of Ransom Canyon has arbitrarily denied them a permit and has engaged in a campaign of "obfuscation, sandbagging and outright misrepresentations and blatant disregard of their own governing ordinances." (Pls.' Compl. ¶ 22.) Plaintiffs take issue with the fact that at least one reason given for the non-issuance of a permit for construction of the tower was that it would violate deed restrictions and that no permit would issue if it would allow a violation of the deed restrictions.

Plaintiffs allege that PRB–1 preempts Defendant's attempts to prevent Plaintiff Robert Boyd ("R. Boyd") from building a tower that would allow him to perform amateur radio operations. Plaintiffs further allege that R. Boyd is entitled to the tower under PRB–1 and that no building permit is required for the tower. Plaintiffs also allege that PRB–1 preempts any action by the Defendant to deny a permit if the tower and antenna comply with the International Residential Building Code—alleged by Plaintiffs to have been adopted by Defendant at some unspecified prior date. Plaintiffs ask that Defendant be enjoined from enforcing any ordinance in a way that does not comply with PRB–1. Moreover, Plaintiffs request a judgment that Ransom Canyon Ordinance 56 permits only a single fine of $100.00 or alternatively that it is constitutionally vague and unenforceable. Finally, the Plaintiffs ask for

equal protection. Regardless, the Court will use the plural when referring to the "Plaintiffs" throughout this Order—no matter which claim is being discussed.

3. The Town of Ransom Canyon Ordinance 56 is alleged to state the following: "A permit is required for any construction, new additions, remodeling, out buildings, garages, etc."

attorney fees and exemplary, or similar, damages pursuant to § 1983.

On July 25, 2007, Defendant moved to dismiss Plaintiffs' § 1983/PRB–1 claims under Rule 12(b)(6).[4] Defendant asserts that PRB–1 does not create a cognizable right under § 1983 or a private right of action enforceable through the Fourteenth Amendment and that consequently Plaintiffs' lawsuit (or at least claims asserted under PRB–1 by way of § 1983) should be dismissed. (Def.'s Mot. 1–2).[5]

In their Response, Plaintiffs assert that it is unclear whether Defendant moves to dismiss all claims or only those that are jointly PRB–1 and § 1983 claims. Plaintiffs attempt to clarify that they do not raise any PRB–1 claims by way of § 1983 merely because Defendant failed to comply with PRB–1. Rather, Plaintiffs allege that § 1983 due process and equal protection claims arise because of the way that the Defendant failed to comply with PRB–1. Plaintiffs argue that their § 1983 claims arise from Defendant's failure to perform the ministerial act of issuing a permit for a project that they believe clearly meets all requirements and ordinances. Plaintiffs also complain that Defendant's delay in processing Plaintiffs' application and failure to follow the City's own standards in its dealings with Plaintiffs amount to additional claims under § 1983.

Plaintiffs state that the methods used by the City and the resulting delays did not meet the standard for reasonable accommodations of an amateur radio operator. Further, Plaintiffs argue that the issuance of multiple citations asserting excessive fines, the intentional and knowing use of inapplicable issues in an effort to sidetrack Plaintiffs' efforts, and the method of processing Plaintiffs' permit application all create violations of § 1983.

## III.

### STANDARD

Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. Fed. R.Civ.P. 12(b)(6). The United States Supreme Court has set out the test for determining the sufficiency of a complaint under Rule 12(b)(6) as follows: "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, —— U.S. ——, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007).

A motion to dismiss under Rule 12(b)(6) "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief

---

**4.** Defendant believes that Plaintiffs' due process/equal protection-related § 1983 claims should also be dismissed, but that those claims may need to await the submission of other evidence to this Court in a Rule 56 motion. (Def.'s Mot. 2 n.2.) As discussed below, and with this concession, the Court will view Defendant's Motion as one for partial dismissal.

**5.** In footnote 5 of its Motion, Defendant mentions that the Property Owners Association of Ransom Canyon should be joined and/or intervene as the Association has the authority to enforce deed restrictions at issue in this case and has an interest in the property values,

deed restrictions, and aesthetics of Ransom Canyon. Plaintiffs vehemently object to footnote 5. Plaintiffs argue that this would allow the Property Owners Association to assert a frivolous claim and that the Association has already waived its rights by not responding to *Robert Boyd's permit application.* Plaintiffs also assert that the Association's only claim would be that the antenna is a residence and is therefore subject to the deed restriction of one story, which Plaintiffs argue is preposterous. A formal motion has been filed to add the Association; the Court will not decide the matter at this time but will rule on that motion when it becomes ripe.

based upon those facts." *Tel–Phonic Servs., Inc. v. TBS Int'l Inc.,* 975 F.2d 1134, 1137 (5th Cir.1992) (internal quotation marks omitted). Accordingly, when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must examine the complaint to determine whether the allegations provide relief on any possible theory. *Cinel v. Connick,* 15 F.3d 1338, 1341 (5th Cir.1994). The plaintiff's complaint must be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliott v. Foufas,* 867 F.2d 877, 880 (5th Cir.1989). In addition, "the complaint must contain either direct allegations on every material point necessary to sustain a recovery ... or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir.1995) (alteration in original) (internal quotation marks omitted). In the complaint, the plaintiff must assert more than "conclusory allegations or legal conclusions masquerading as factual conclusions" to avoid dismissal. *Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 421 (5th Cir.2006) (internal quotation marks omitted). The complaint, however, "is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Secs., Inc.,* 94 F.3d 189, 194 (5th Cir.1996). This is consistent with the well-established policy that the plaintiff be given every opportunity to state a claim. *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir.1977).

## IV.

### DISCUSSION

Amateur radio operators well know their ability to effectively receive and transmit communications directly relates to the height and location of their radio antenna. It is doubtful there exists an amateur radio operator who does not desire a higher antenna. On the other hand, zoning authorities exist, in part, to regulate land use based upon aesthetic considerations. Undoubtedly, most zoning authorities would detest few scenarios more than that of a high steel tower and its attendant guy wires protruding from a residential neighborhood and interfering with a superb mountain view. *Evans v. Bd. of County Comm'rs of Boulder, Colo.,* 994 F.2d 755, 759 (10th Cir. 1993).

Defendant seeks a dismissal of all of Plaintiffs' claims or in the alternative asks the Court to dismiss Plaintiffs' PRB–1 claims brought under 42 U.S.C. § 1983. As stated above, Defendant has argued that Plaintiffs' § 1983 due process and equal protection claims should also be dismissed but that those claims may need to await the submission of other evidence to this Court in a Rule 56 motion. (Def.'s Mot. 2 n.2.) Thus, the Court will view Defendant's Motion as one for partial dismissal in that Defendant implies that it is not requesting dismissal of Plaintiffs' § 1983 due process and equal protection claims at this time but will likely seek a dispositive ruling later on those claims.

### PRB–1

PRB–1 states that "[s]tate and local regulations that operate to preclude amateur communications in their communities are in direct conflict with federal objectives and must be preempted." PRB–1 ¶ 24. "[A]ntenna height restrictions directly affect the effectiveness of amateur communications.... We will not, however, specify any particular height limitation below which a local government may not regulate...." *Id.* ¶ 25. The FCC does not regulate by issuing specific requirements

but allows local governments to regulate as they see fit, so long as the federal objectives are not thwarted in doing so. "[L]ocal regulations which involve placement, screening, or height of antennas based on health, safety, or aesthetic considerations must be crafted to *accommodate reasonably* amateur communications, and to represent the *minimum practicable regulation* to accomplish the local authority's legitimate purpose." *Id.* (emphasis added).

Following the issuance of PRB–1, the FCC received two petitions for revision and clarification of PRB–1. *See In re Modification & Clarification of Policies & Procedures Governing Siting and Maint. of Amateur Radio Antennas & Support Structures, & Amendment of Section 97.15 of the Comm'ns Rules Governing the Amateur Radio Service,* 15 F.C.C.R 22,151 (2000) [hereinafter Second PRB–1 Modification]; *In re Modification & Clarification of Policies & Procedures Governing Siting & Maint. of Amateur Radio Antennas & Support Structures, & Amendment of Section 97.15 of the Commn's Rules Governing the Amateur Radio Service,* 14 F.C.C.R. 19,413 (1999) [hereinafter First PRB–1 Modification].

Each time, the Commission found that the language of PRB–1 was sufficient and declined to extend the federal preemption. Specifically, the Commission refused to include "covenants, conditions and restrictions ... in deeds" because these are contractual agreements that parties may choose to either enter or avoid. *See, e.g.,* First PRB–1 Modification ¶¶ 3, 6. The Commission did clarify, however, what constitutes "reasonable accommodation" of amateur radio operators:

> We do not believe that a zoning regulation that provides extreme or excessive prohibition of amateur communications could be deemed to be a reasonable accommodation. For example, we believe that a regulation that would restrict amateur communications using ... antennas that do not present any safety or health hazard, or antennas that are similar to those normally permitted for viewing television ... is not a reasonable accommodation or the minimum practicable regulation. *On the other hand, we recognize that a local community that wants to preserve residential areas as livable neighborhoods may adopt zoning regulations that forbid the construction and installation in a residential neighborhood of the type of antenna that is commonly and universally associated with those that one finds in a factory area or an industrialized complex.* Although such a regulation could constrain amateur communications, we do not view it as failing to provide reasonable accommodation to amateur communications.

Second PRB–1 Modification ¶ 8 (emphasis added).

The FCC continues to allow cities to govern themselves and sets no specific requirements as to how to do so, so long as reasonable accommodations are made to support amateur radio operators. It appears that a refusal to grant a permit that is in direct conflict with a zoning regulation in an attempt to maintain the aesthetic appearance of the neighborhood is not unreasonable under PRB–1, even though it could constrain amateur radio communications. *See id.* Moreover, as to regulations of towers within a municipality, the FCC "believe[s] that ... a local zoning authority would recognize at the outset, when crafting zoning regulations, the potential impact that high antenna towers in heavily populated urban or suburban locals could have and, thus, would draft their regulations accordingly" as long as those authorities create "the very least regulation nec-

essary for the welfare of the community." *See* First PRB–1 Modification ¶ 9. Finally, it appears that an amateur operator does not have a constitutionally protected right to a specific "type" or height of antenna. *See Snook v. City of Missouri City, Tex.,* No. Civ. A. H 03 0243, 2003 WL 25258302 ¶ 107 (S.D.Tex. Aug. 27, 2003); *see also* second PRB–1 Modification ¶ 8 (discussing regulation of tower-type antennas as possibly "constraint[ing] amateur communications" but clarifying that such regulation is not failing to provide a reasonable accommodation when other types of antennas are allowed).

The fact that the FCC recognizes that local authorities must reasonably accommodate amateur operators implies that *all* regulations are not preempted—rather, only those that fail to provide reasonable accommodation or ban operation altogether. *Cf. Snook,* 2003 WL 25258302 ¶ 23 ("The FCC has specifically recognized that cities have authority to regulate the screening and height of antennas based on aesthetic considerations, provided the local regulation" is reasonable and the minimum practicable required to accomplish such an end.). This view was succinctly stated in *Evans,* as follows:

> "Land use policy customarily has been considered a feature of local government and an area in which the tenets of federalism are particularly strong." *Izzo v. Borough of River Edge,* 843 F.2d 765, 769 (3d Cir.1988). Thus, courts should proceed with caution when considering whether precise, specific, local ordinances are preempted by vague federal regulations. Even though the FCC has the power to enact regulations which would preempt conflicting local ordi-

nances, it specifically stated "[t]he cornerstone on which we will predicate our decision [PRB–1] is that a reasonable accommodation may be made between the two sides." In fact, in PRB–1 the FCC expressed its desire to give deference to the local authorities: "We are confident ... that state and local governments will endeavor to legislate in a manner that affords appropriate recognition to the important federal interest at stake here." Therefore, the FCC has decided to permit local regulatory behavior which accomplishes the local agency's legitimate purposes through the minimum practicable regulation.

*Evans,* 994 F.2d at 761 (going on to state that "local ordinances are preempted as applied to ham radio operators [only] when they do not reasonably accommodate amateur communications through the least restrictive regulations practicable").[5]

█ A regulatory authority need only "have explored alternatives to a blanket denial of the application." *Evans,* 994 F.2d at 763. "The reasonable accommodation standard of PRB–1 requires a municipality to (1) consider the application, (2) make factual findings, and (3) attempt to negotiate a satisfactory compromise with the applicant." *Snook,* 2003 WL 25258302 ¶ 24 (citing *Palmer v. City of Saratoga Springs,* 180 F.Supp.2d 379, 385 (N.D.N.Y. 2001)).

### 42 U.S.C. § 1983

█ Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage ... subjects, or causes to be sub-

---

5. Worth noting is the fact that the Boulder County Land Use Staff recommended a 60–foot crank-up tower. *Evans,* 994 F.2d at 762. This recommendation was rejected by the ham operator. The Tenth Circuit held that such an offer for a shorter, crank-up tower reasonably accommodated Evans as well as offers to allow a special use permit for a tower in a location with suitable screening and low view impairments. *Id.* at 763.

jected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983 (2000). "Section 1983 is not itself a source of substantive rights, but merely provides a method of vindicating federal rights conferred elsewhere." *Albright v. Oliver,* 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (internal quotations omitted).

 To establish a claim under § 1983, a plaintiff must prove that a person acting under the color of state law deprived the plaintiff of a right secured by the Constitution or the laws of the United States. *Martin v. Thomas,* 973 F.2d 449, 452–53 (5th Cir.1992); *Augustine v. Doe,* 740 F.2d 322, 324–25 (5th Cir.1984). A plaintiff must further prove that the alleged deprivation was not the result of mere negligence. *Farmer v. Brennan,* 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "In order to seek redress through § 1983, ... a plaintiff must assert the violation of a federal *right,* not merely a violation of federal *law.*" *Blessing v. Freestone,* 520 U.S. 329, 340, 117 S.Ct. 1353, 137 L.Ed.2d 569 (1997).

 Defendant argues that a Southern District of Texas case establishes that PRB–1 does not create a right enforceable under 42 U.S.C. § 1983 because it was intended to benefit federal interests, not individual interests, and because it created no clear command to local governments. *Snook,* 2003 WL 25258302 ¶ 99. Defendant also argues that *Snook* further clarified that

- PRB–1 does not create a private right of action enforceable through the Fourteenth Amendment;

- PRB–1 does not create a right enforceable under 42 U.S.C. § 1983 because it was intended to benefit federal interests, not individual interests, and because it created no clear command to local governments;

- PRB–1 does not create any rights in amateur radio operators; and

- a property owner has no vested property interest to build an antenna tower of his choosing on his property," particularly when there is discretion in issuing a building permit.

(Def.'s Mot. 5 (citing *Snook,* 2003 WL 25258302 ¶¶ 97, 99–100, 107)). Additionally, Defendants argue that other courts have determined that PRB–1 does not create a federal right enforceable through § 1983. *See, e.g., Baskin v. Bath Twp. Bd. of Zoning Appeals,* Nos. 95–3042, 95–3881, 1996 WL 678228, at # 3–4 (6th Cir.1996); *Howard v. City of Burlingame,* 937 F.2d 1376, 1379 (9th Cir.1991); *Bosscher v. Township of Algoma,* 246 F.Supp.2d 791, 798–99 (W.D.Mich.2003).

Defendant argues that "[t]he law is clear that the Plaintiffs cannot maintain their PRB–1/Section 1983–related action." (Def.'s Mot. 7.) Defendant requests and argues that "the Court should dismiss those claims." (*Id.*) In their Response, Plaintiffs concur that § 1983 cannot be used as a vehicle for advancing claims under PRB–1. Plaintiffs state that "Defendant's Motion relate[s] only to § 1983 claims asserted due to a violation of PRB–1 (Plaintiffs make none in their Complaint)...." (Pls.' Resp. 1.) Plaintiffs then further concede in their Response that "Plaintiffs understand that PRB–1 of itself does not create any protectable property interest or right in Plaintiffs and therefore have not sought § 1983 relief in conjunction with the PRB–1 violation."

The parties appearing to be in agreement that no § 1983/PRB–1 claims are cognizable under the relevant case law, Defendant's Motion to Dismiss is **GRANTED IN PART.** Plaintiffs' claims asserted as § 1983/PRB–1 are **DISMISSED.**

## V.

## CONCLUSION

Plaintiffs fail to state a claim upon which relief may be granted as to Plaintiffs' § 1983/PRB–1 claims. Therefore, the Court hereby **GRANTS IN PART** Defendant's Motion to Dismiss and **DISMISSES** Plaintiffs' § 1983/PRB–1 claims.