**IN THE UNITED STATES COURT OF APPEALS
  FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 18, 2012

Lyle W. Cayce
Clerk

No. 11-51154
Summary Calendar

LOUIS P. MCCASLAND, JR.; JOAN T. MCCASLAND; CASTROVILLE AIRPORT, INCORPORATED,

Plaintiffs-Appellants

v.

CITY OF CASTROVILLE,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:11-CV-506

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

The district court granted the City of Castroville's motion to dismiss the claims in plaintiffs' First Amended Complaint, and plaintiffs now appeal that judgment. The City's motion raised as grounds for dismissal a lack of subject matter jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1), and plaintiffs' failure to state a claim upon which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6). The court found that "plaintiffs have failed to state a claim upon which

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

relief may be granted" and dismissed their claims with prejudice under Rule 12(b)(6). In light of that conclusion, the court believed that it "need not consider the City's arguments regarding subject matter jurisdiction."

When a Rule 12(b)(1) motion is filed in conjunction with a Rule 12(b)(6) motion, however, courts must consider the jurisdictional challenge first.[1] Doing so "prevents a court without jurisdiction from prematurely dismissing a case with prejudice."[2] That concern is implicated here, and so, without expressing a view on the district court's Rule 12(b)(6) analysis, we vacate the district court's judgment granting the City's Second Motion to Dismiss and dismissing the plaintiffs' claims with prejudice, and we remand for consideration of the City's jurisdictional arguments and further proceedings consistent with this opinion.

VACATED AND REMANDED.

---

[1] *See Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011); *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994).

[2] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam); *accord Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam).