**Patricia GONZALEZ, and Lesha Rosario, Plaintiffs,**

v.

**James BATMASIAN, an individual d/b/a Investments Limited and individually, and Marta Batmasian, an individual d/b/a Investments Limited and individually, Defendants.**

CASE NO: 16–cv–81696–MIDDLEBROOKS

United States District Court, S.D. Florida.

Signed February 23, 2017

Entered February 24, 2017

Chelsea A. Lewis, Chris Kleppin, Glasser & Kleppin, P.A., Plantation, FL, for Plaintiffs.

Roderick Flynn Coleman, Coleman & Associates, George Louis Sigalos, Simon & Sigalos, LLP, Boca Raton, FL, for Defendants.

## ORDER GRANTING MOTION TO DISMISS COUNTERCLAIM

DONALD M. MIDDLEBROOKS, UNITED STATES DISTRICT JUDGE

THIS CAUSE comes before the Court upon Plaintiff Patricia Gonzalez's ("Plaintiff") Motion to Dismiss Counterclaim ("Motion"), filed on February 1, 2017. (DE 35). Defendants James Batmasian and Marta Batmasian ("Defendants") filed a Response on February 14, 2017 (DE 44), to which Plaintiff replied on February 21, 2017 (DE 46). For reasons stated below, Plaintiff's Motion is granted.

### I. BACKGROUND

On October 9, 2016, Patricia Gonzalez and Lesha Rosario filed the Complaint, alleging that Defendants failed to pay

them overtime wages in violation of 29 U.S.C. §§ 201, et seq., the Fair Labor Standards Act ("FLSA"). (DE 1). On January 9, 2017, Defendants filed their First Amended Answer, which includes a counterclaim (the "Counterclaim") against Plaintiff Gonzalez for failure to pay the amount due under a promissory note (the "Note"). (DE 25). The Counterclaim alleges that on October 7, 2008, the Parties executed the Note, under which Defendants loaned Plaintiff $36,800, secured by a mortgage on Plaintiff's residence. (DE 25 at 9–10). Defendants allege that Plaintiff presently owes $19,561.27 under the Note. (Id. at 9). Plaintiff Gonzalez moves to dismiss Defendants' Counterclaim under 12(b)(1) and 12(b)(6). (DE 35).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows for dismissal of a claim when the court lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). A party can move to dismiss a claim under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack. McElmurray v. Consolidated Gov't of Augusta–Richmond County, 501 F.3d 1244, 1251 (11th Cir. 2007). "A facial attack on the [claim] requires the court merely to look and see if the [party] has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his [claim] are taken as true for the purposes of the motion." Id. (quotations and citations omitted). By contrast, a factual attack on a claim challenges the existence of subject matter jurisdiction using extrinsic evidence, such as affidavits or testimony. Id. The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim. See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002).

## III. DISCUSSION

"Federal courts are courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). The Parties agree that Defendants' Counterclaim does not give rise to federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. Therefore, at issue is whether the Court should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Defendants' Counterclaim.

As a preliminary matter, Defendants argue that the Court has supplemental jurisdiction over the Counterclaim because it is a compulsory counterclaim under Fed. R. Civ. P. 13(a). However, after Congress passed § 1367 in 1990, the distinction between a compulsory and a permissive counterclaim ceased to be relevant in determining whether a court has jurisdiction over a state-law counterclaim. Channell v. Citicorp Nat. Servs., Inc., 89 F.3d 379, 385 (7th Cir. 1996) ("Now that Congress has codified the supplemental jurisdiction in § 1367(a), courts should use the language of the statute to define the extent of their powers."). Therefore, the Court must apply § 1367, not Rule 13, to define its jurisdiction.

Section 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. Under § 1367(c), "the district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if … in exceptional circum-

stances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4). As the Supreme Court explained:

> Depending on a host of factors [ ]— including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims—district courts may decline to exercise jurisdiction over supplemental state law claims. The statute thereby reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.

*City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997) (citation omitted).

██ Although the Parties agree that the Court has original jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331, numerous factors favor declining to exercise jurisdiction over Defendants' Counterclaim. First, as a general rule, an employer's contract counterclaims are disfavored in a FLSA action. *See Pioch v. IBEX Eng'g Servs., Inc.*, 825 F.3d 1264, 1273 (11th Cir. 2016). Courts reason that "the only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards and that to clutter FLSA proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act." *Id.* (quoting *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974),[1] *rev'd on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988)).

Second, for the most part, Plaintiff's FLSA claim and Defendants' Counterclaim do not involve the same facts, and will not rely on similar witnesses or evidence. To prove an FLSA violation, Plaintiff will need to present evidence of her employment, hours worked, and pay received. *See Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008). In contrast, to prove their Counterclaim, Defendants will need to present evidence of a valid contract, a material breach, and damages. *See First Nat. Bank of Kissimmee v. Dunham*, 342 So.2d 1021, 1022 (Fla. 4th DCA 1977) (holding failure to pay a debt due under a promissory note is a breach of contract claim under Florida law). Defendants argue that the Court should exercise jurisdiction because "[a]t the time Plaintiff left her position as property manager she was indebted to Defendants on a promissory note .... " However, courts have consistently held that an employer-employee relationship between parties is an insufficient nexus to give rise to supplemental jurisdiction. *See, e.g., Lyon v. Whisman*, 45 F.3d 758, 762–64 (3d Cir. 1995) ("[W]e find no indication that Congress passed the FLSA with the expectation that it was authorizing federal courts to exercise far-reaching jurisdiction over state-law disputes arising from employment relationships."); *cf. Pioch*, 825 F.3d at 1273 (cautioning district courts to exercise restraint in permitting employer counterclaims to an FLSA case). Because the FLSA claim and contract Counterclaim involve different facts, the Court finds that judicial economy would not be served by the Court's exercise of supplemental jurisdiction.

Defendants argue that fairness favors supplemental jurisdiction. Specifically, De-

---

1. The Eleventh Circuit has recognized the case law of the former Fifth Circuit prior to 1981 as its governing body of precedent. *Bon-* *ner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

fendants argue that evidence of the Note will be necessary to avoid jury confusion because Defendants deducted a percentage of the amount due under the Note from Plaintiff's bi-monthly paycheck. However, the Court is unconvinced that the addition of an entire Counterclaim is necessary to avoid confusion when the deductions could be explained with stipulations or limited evidence at trial.

In sum, in light of the exceptional circumstances, the Court declines to exercise supplemental jurisdiction over Defendants' Counterclaim.[2] Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Dismiss Counterclaim (DE 35) is **GRANTED** for lack of subject matter jurisdiction. Defendants' Counterclaim is **DISMISSED WITHOUT PREJUDICE.**[3]

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 23 day of February, 2017.

---

**2.** Because the § 1367(c) factors favor declining supplemental jurisdiction over Defendants' Counterclaim, the Court need not resolve whether the Counterclaim forms part of the same case or controversy under § 1367(a). In addition, the Court need not address Plaintiff's 12(b)(6) argument. *See Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977) (citation omitted) ("[W]here both [12(b)(1) and 12(b)(6)] apply, the court should dismiss only on the jurisdictional ground under Fed. R. Civ. P. 12(b)(1), without reaching the question of failure to state a claim under Fed. R. Civ. P. 12(b)(6).").

**3.** "Dismissal with prejudice for failure to state a claim is a decision on the merits and essentially ends the plaintiff's lawsuit, whereas a dismissal on jurisdictional grounds alone is not on the merits and permits the plaintiff to pursue his claim in the same or in another forum." *Hitt,* 561 F.2d at 608.