# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 18, 2022

Lyle W. Cayce
Clerk

No. 21-11029
Summary Calendar

Ignacio Salcido,

*Plaintiff—Appellant*,

*versus*

Eric Wilson, *Warden*; Fort Worth FMC; Bureau of Prisons (BOP),

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CV-254

_____

Before Barksdale, Willett, and Duncan, *Circuit Judges*.

Per Curiam:*

This action under 42 U.S.C. § 1983, and concerning Federal Medical Center Fort Worth, by Ignacio Salcido, federal prisoner # 88965-051 and proceeding *pro se*, was dismissed with prejudice as moot, frivolous, and for

_____

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-11029

failure to state a claim.  Salcido appears to challenge only the dismissal for mootness.  (To the extent that Salcido raises new challenges for the first time regarding conditions at another prison where he is now confined, or requests release to home confinement, our court will not consider them.  *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999) (declining to consider challenge raised for first time on appeal).)

Questions of jurisdiction, including mootness, are, of course, reviewed *de novo*.  *Veasey v. Abbott*, 888 F.3d 792, 798 (5th Cir. 2018). Salcido fails to show the district court erred in concluding:  his amended complaint sought only declaratory and injunctive relief related to conditions at Federal Medical Center Fort Worth; and, therefore, his claims became moot when he was transferred to another prison.  *E.g.*, *Edwards v. Johnson*, 209 F.3d 772, 776 (5th Cir. 2000) (holding claim for injunctive relief moot after defendant transferred to different facility); *Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017) (concluding facility transfer mooted declaratory and injunctive-relief claims under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq*).

Salcido's complaint, however, should have been dismissed *without prejudice*, based solely on lack of subject-matter jurisdiction.  *E.g.*, *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994) (dismissing for lack of subject-matter jurisdiction and modifying judgment to reflect claims dismissed without prejudice); *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) ("Dismissal with prejudice for failure to state a claim is a decision on the merits and essentially ends the plaintiff's lawsuit, whereas a dismissal on jurisdictional grounds alone is not on the merits and permits the plaintiff to pursue his claim in the same or in another forum.").

The judgment of the district court is AFFIRMED AS MODIFIED, to reflect dismissal without prejudice.