# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 7, 2024

Lyle W. Cayce
Clerk

————————

No. 22-50612

————————

DC Operating, L.L.C., *doing business as* Dreams; Nuvia Heidi Medina; Michelle Corral,

*Plaintiffs—Appellants*,

*versus*

Attorney General Ken Paxton, *in his official capacity*; Ed Serna, *in his official capacity as Executive Director of the Texas Workforce Commission*; Unknown Commissioner of the Texas Department of Licensing and Regulation; Richard D. Wiles, *in his official capacity as Sheriff of El Paso County, Texas*; Ricardo A. Samaniego, *in his official capacity as County Judge of El Paso County, Texas*,

*Defendants—Appellees*.

————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:22-CV-10

————————————————————

Before Richman, *Chief Judge*, and Jones and Ho, *Circuit Judges*.
James C. Ho, *Circuit Judge*:

DC Operating owns and operates a strip club in El Paso. That club and two of its employees filed this suit challenging the constitutionality of S.B. 315. The Texas Legislature recently enacted that legislation to curb

1

human trafficking by raising the minimum age of employment at sexually-oriented businesses from 18 to 21. *See* Tex. S.B. 315, 87th Leg. R.S. (2021) (amending Tex. Civ. Prac. & Rem. Code § 125.0015; Tex. Lab. Code §§ 51.016, 51.034; and Tex. Penal Code § 43.251).

District courts have since upheld S.B. 315 against constitutional attack, both in this case and elsewhere. *See Tex. Ent. Ass'n v. Paxton*, No. 1:21-CV-519, 2024 WL 1886751 (W.D. Tex. April 30, 2024); *DC Operating, LLC v. Paxton*, No. EP-22-CV-00010, 2022 WL 21713972 (W.D. Tex. June 14, 2022). We now dismiss this appeal for lack of jurisdiction.

## I.

To begin with, DC Operating lacks standing to bring this appeal. Plaintiffs argue that S.B. 315 burdens the constitutional rights of Nuvia Medina, Michelle Corral, and every other employee of a sexually-oriented business between the ages of 18 and 20. They assert that the employees have an expressive interest in nude dancing as well as a protected liberty interest in occupational freedom. They also raise, for the first time on appeal, a claim of sex discrimination under the Equal Protection Clause.

But although Plaintiffs emphasize the various injuries suffered by the *employees*, they never argue that the law burdens the constitutional rights of the *business*, DC Operating. They do not allege that the age of the club's dancers plays a role in any message that DC Operating intends to convey, that it possesses a constitutional right to hire certain employees, or that the law deprives it of equal protection.

Because DC Operating identifies no legal interests other than those of Medina and Corral, it lacks standing to bring this appeal. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (noting that a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties").

The fact that DC Operating also brought an overbreadth claim does not alter our standing analysis. There are two distinct inquiries when it comes to standing: There are the *constitutional* requirements of Article III, and there are the separate, *prudential* concerns that the Supreme Court has identified. An overbreadth claim overcomes the general prudential concern that plaintiffs ordinarily may only assert their own rights, and not the rights of third parties. But the plaintiff must still satisfy Article III—including in overbreadth cases. Otherwise, the overbreadth doctrine would turn every person on the planet into a viable plaintiff. As we've observed, "Article III standing retains rigor even in an overbreadth claim." *Nat'l Fed. of the Blind v. Abbott*, 647 F.3d 202, 210 (5th Cir. 2011) (quotations omitted). *See also Sec'y of State of Md. v. Munson Co.*, 467 U.S. 947, 954–57 (1984); *Va. v. Am. Booksellers Ass'n, Inc.*, 484 U.S. 383, 392–94 (1988); *Bordell v. Gen. Elec. Co.*, 922 F.2d 1057, 1061 (2nd Cir. 1991); *Bischoff v. Osceola Cty., Fla.*, 222 F.3d 874, 884 (11th Cir. 2000) (collecting cases). DC Operating's failure to assert an Article III injury of its own thus forecloses its claims—including its overbreadth claim.

## II.

That leaves the two employees, Medina and Corral. At the time of the district court's decision, both employees were under the age of 21. But both of them turned 21 prior to oral argument before our court. Now that they are 21, they are no longer subject to the law they are challenging. That moots their appeal. *See*, *e.g.*, *Doe I v. Landry*, 909 F.3d 99, 114 (5th Cir. 2018) (challenge to ban on partial nudity at strip clubs by under-aged persons became moot on appeal once plaintiff turned 21 and was therefore "no longer affected by the Act's age requirement").

In response, Plaintiffs do not argue that the employees' claims remain justiciable. Nor do they contend that an exception to mootness applies.

During oral argument, counsel for Plaintiffs maintained only that there may be *other* employees who have not yet reached the age of 21 who object to S.B. 315. But those other employees are not plaintiffs in this litigation.

Accordingly, we must dismiss this appeal as moot as to Medina and Corral. *See Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) ("[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed.") (quoting *Mills v. Green*, 159 U.S. 651, 653 (1992)).

* * *

We dismiss this appeal for lack of jurisdiction.