# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 19, 2024

Lyle W. Cayce
Clerk

―――――――――

No. 23-20425

―――――――――

Brent Anderson,

*Plaintiff—Appellant*,

*versus*

Bryan Collier,

*Defendant—Appellee*.

―――――――――――――――――――――――――――――

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-3154

―――――――――――――――――――――――――――――

Before Ho, Duncan, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Brent Anderson, an inmate in the Texas Department of Criminal Justice, appeals the dismissal of his challenge to a Department policy that restricts the type of mail prisoners may receive. TDCJ Board Policy 03.91 prohibits prisoners from mailing or receiving sexually explicit materials and limits the number of photographs an envelope may contain. Anderson alleges that these restrictions violate the First Amendment. He sued Bryan Collier,

―――――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

the Executive Director of the Department, under 42 U.S.C. § 1983. The district court dismissed with prejudice for both lack of standing under Fed. R. Civ. P. 12(b)(1) and failure to state a claim under Fed. R. Civ. P. 12(b)(6). On review, we vacate the district court's judgement and remand for further proceedings so that Anderson may correct his pleadings. We do so with no expectation that Anderson might ultimately prevail in his challenge, but only because the district court erred in how it dismissed this case.

The district court should not have dismissed for both lack of standing and failure to state a claim. A complaint cannot be dismissed under both Rule 12(b)(1) and 12(b)(6). *See Ehm v. National R.R. Passenger Corp.*, 732 F.2d 1250, 1257 (5th Cir. 1984). When faced with both motions, the district court should first evaluate jurisdiction under Rule 12(b)(1). *See Opelika Nursing Home, Inc. v. Richardson*, 448 F.2d 658, 667 (5th Cir. 1971). If it lacks jurisdiction, the court "should apply its brakes, cease and desist the proceedings, and shun advisory opinions." *Id.* If there is jurisdiction, the court may then proceed to review the merits under Rule 12(b)(6). *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

Following this order of operations, we begin by reviewing whether Anderson had standing. Anderson's complaint challenges the TDCJ policy as unconstitutionally overbroad under the First Amendment. It identifies various examples of material prohibited from entering the prison. But the complaint does not say whether any of these materials had been mailed to Anderson.

A "plaintiff must still satisfy Article III—including in overbreadth cases." *D.C. Operating, L.L.C. v. Paxton*, 100 F.4th 657, 659 (5th Cir. 2024). Based on the complaint alone, it's unclear whether any mail was actually withheld from Anderson himself. It is on that basis that the district court found that Anderson lacked standing.

But Anderson makes clear in his opposition to the motion to dismiss that prison officials did indeed apply the challenged policy to him. According to Anderson, his former prison maintained a "litigation file" of "sexually-based material" that was withheld from him under Policy 03.91. If withholding these items from Anderson violated the First Amendment, he suffered injury in fact.

Anderson should have an opportunity to amend his complaint. To be sure, district courts may grant motions to dismiss based on the complaint alone. *See Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981). But Anderson's opposition to the motion to dismiss makes clear that he alleges that prison officials withheld materials mailed to him. And that should be enough to establish standing. So although Anderson's initial complaint might have been deficient, he can easily amend it to cure the deficiency. He should be granted leave to do so. And that in turn will allow the district court to properly rule on the merits and dismiss the case with prejudice if it deems appropriate.

Accordingly, we vacate the district court's judgment and remand for further proceedings.