# United States Court of Appeals for the Fifth Circuit

_____

No. 25-50094
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**

December 19, 2025

Lyle W. Cayce
Clerk

SCOTT ASH JAMES ZIRUS,

*Plaintiff—Appellee*,

*versus*

SYDNEY ZUIKER, *in his/her official capacity as a member of the Texas Board of Criminal Justice*; BILL WELCH, *in his official capacity as a member of the Texas Board of Criminal Justice*; MOLLY FRANCIS, *in her official capacity as Chairperson of the Texas Board of Criminal Justice*; FAITH JOHNSON, *in her official capacity as a member of the Texas Board of Criminal Justice*; SICHAN SIV, *in his official capacity as a member of the Texas Board of Criminal Justice*; ERIC NICHOLS, *in his official capacity as a member of the Texas Board of Criminal Justice*; RODNEY BURROW, *in his official capacity as a member of the Texas Board of Criminal Justice*; NATE SPRINKLE, *in his official capacity as a member of the Texas Board of Criminal Justice*; TAMMY SHELBY, *in Her Official Capacity*,

*Defendants—Appellants*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:24-CV-224

_____

Before JONES, DUNCAN, and DOUGLAS, *Circuit Judges*.

No. 25-50094

Per Curiam:[*]

Scott Ash James Zirus, Texas prisoner # 01640002, in a pro se amended complaint, challenged the constitutionality of various restrictions on inmate correspondence under Texas Department of Criminal Justice board policy 03.91. The Appellants, members of the Texas Board of Criminal Justice and the supervisor of the Mail Systems Coordinators Panel, moved to dismiss some of Zirus's claims for lack of subject matter jurisdiction, asserting that Zirus lacked standing and raising a related sovereign immunity defense. They also attached a copy of the challenged policy to their motion. The district court did not rule on the dismissal motion; it converted the motion into one for summary judgment, delayed ruling on the motion, and ordered the parties to file evidence for its consideration. The Appellants contend that the court abused its discretion by declining to rule on their dismissal motion.

Pursuant to the collateral order doctrine, this court has jurisdiction over the interlocutory order to the extent that it delayed ruling on the Appellants' assertion of sovereign immunity. *See Carswell v. Camp*, 54 F.4th 307, 310 (5th Cir. 2022); *Mi Familia Vota v. Ogg*, 105 F.4th 313, 324-25 (5th Cir. 2024). We exercise pendent appellate jurisdiction to review the delayed ruling on the related standing defense. *See James v. Hegar*, 86 F.4th 1076, 1080-81 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 1461 (2024); *see also Jackson v. Wright*, 82 F.4th 362, 366-67 (5th Cir. 2023).[1]

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] The Appellants also ask us to "clarify" when converting a motion to dismiss into a motion for summary judgment is "proper." We decline to exercise pendent appellate jurisdiction over this issue. *See Singleton v. Cannizzaro*, 956 F.3d 773, 785 (5th Cir. 2020); *see also Pickett v. Texas Tech Univ. Health Scis. Ctr.*, 37 F.4th 1013, 1027 (5th Cir. 2022).

No. 25-50094

This court has held that a district court has a nondiscretionary duty to consider challenges to its subject matter jurisdiction, like the ones raised by the Appellants in their dismissal motion, at the earliest possible stage of the litigation. *See In re Paxton*, 60 F.4th 252, 256-58 (2023); *see also Russell v. Jones*, 49 F.4th 507, 514 (5th Cir. 2022) ("Where sovereign immunity applies, it applies totally. Plaintiffs stop at the Rule 12(b)(1) stage and don't get discovery."). Under certain circumstances, we permit a "careful procedure" in which limited discovery is allowed as to the immunity defense. *Carswell*, 54 F.4th at 311-12 (internal quotation marks omitted). Still, the district court must first rule on the dismissal motion before employing this "careful procedure." *Id.* (internal quotation marks omitted).

The district court here did not rule on the sovereign immunity and related standing defenses at the earliest possible stage of the litigation. *See In re Paxton*, 60 F.4th at 256-58; *see also Carswell*, 54 F.4th at 311-12. The order also does not purport to comply with this court's procedure for allowing limited discovery on the immunity issue. *See Carswell*, 54 F.4th at 311-12; *see also Backe v. LeBlanc*, 691 F.3d 645, 648-49 (5th Cir. 2012). When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the district court should consider the 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir.1977) (per curiam). In short, the court should have first ruled on the Appellants' jurisdictional defenses before proceeding to the summary judgment stage. *See In re Paxton*, 60 F.4th at 256-58; *Carswell*, 54 F.4th at 311-12; *see also Planned Parenthood Gulf Coast, Inc. v. Phillips*, 24 F.4th 442, 455 (5th Cir. 2022) ("We expect the district court to carefully consider each jurisdictional challenge—including whether and how they impact each of the plaintiffs and each of the claims—before proceeding to the merits.").

No. 25-50094

Accordingly, we VACATE the district court's order converting the Appellants' motion to dismiss into a motion for summary judgment and REMAND for further proceedings consistent with this opinion.